IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NEW YORK

_____

LORAL RICHARD HUFFMAN, JR.

                      Petitioner,

                                                                   **DECISION AND ORDER**
            -vs-                                                  **No. 07-CV-0481(VEB)**

WENDE PRISON WARDEN KIRKPATRICK,

                      Respondent.

_____

**I.    Background**

*Pro se* petitioner Loral Richard Huffman, Jr. ("Huffman" or "petitioner") has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging the constitutionality of his state custody, which resulted from his conviction, following a guilty plea, to one count of absconding from temporary release in the first degree (New York Penal Law ("P.L.") § 205.17)) on December 20, 2005. Huffman was sentenced on June 26, 2006, as a second felony offender to a term of one and a half to three years.

On direct appeal petitioner claimed only that his guilty plea was involuntary. By an Order dated April 25, 2008, the Appellate Division unanimously affirmed the judgement of conviction. *People v. Huffman*, 50 A.D.3d 1593 (App. Div. 4th Dept. 2008). By an order dated July 22, 2008, the New York Court of Appeals denied Huffman's application for a certificate granting leave to appeal. *People v. Huffman*, 10 N.Y.3d 960 (N.Y. 2008).

Petitioner made a *pro se* motion to vacate the judgment pursuant to New York Criminal Procedure Law ("C.P.L.") § 440.10 on August 7, 2006. Huffman contended that he was

improperly "shuttled" from federal custody. While this motion was pending, Huffman filed a second *pro se* motion to vacate the judgment on October 8, 2006, claiming that his guilty plea had been coerced. By an affidavit dated October 12, 2006, the People opposed petitioner's motions. On December 8, 2006, the trial court denied petitioner's motions to vacate. Leave to appeal was denied by the Appellate Division on July 9, 2007.

This federal habeas petition followed in which Huffman asserts the following four grounds for habeas relief: (1) he was improperly shuttled, in contravention of to the Interstate Agreement on Detainers; (2) he received ineffective assistance of trial of counsel; (3) prosecutorial misconduct occurred; and (4) the motions to vacate the judgement were improperly denied without a hearing.

Respondent argues that Huffman's petition must be dismissed for the following reasons: (1) petitioner's claim that he was improperly shuttled is not a cognizable claim in a habeas corpus petition; (2) he has failed to establish that he received ineffective assistance of counsel; (3) his claim of prosecutorial misconduct is vague and conclusory; and (4) his claim that his post-conviction motion was improperly denied is not cognizable.

For the reasons set forth below, Huffman's petition is dismissed.

## II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal court may grant a writ of habeas corpus to a state prisoner on a claim that was "adjudicated on the merits" in state court only if it concludes that the adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a

decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d); *see also Williams v. Taylor*, 529 U.S. 362, 375-76, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000). An "adjudication on the merits" is a substantive, rather than a procedural, resolution of a federal claim. *Sellan v. Kuhlman*, 261 F.3d 303, 313 (2d Cir.2001).

Federal habeas review is available for a State prisoner "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Errors of state law are not subject to federal habeas review. *See, e.g., Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 116 L.Ed.2d 385 (1991); *Cupp v. Naughten*, 414 U.S. 141, 146, 94 S.Ct. 396, 38 L.Ed.2d 368 (1973).

### III. Discussion

#### A. Ground One:

Huffman cites *Alabama v. Bozeman*, 533 U.S. 146 (2001), in support of his contention that he was shuttled from one place of custody to another in contravention of the Interstate Agreement on Detainers ("the IAD"), which is codified at 18 U.S.C. App. § 2, p. 692 and C.P.L. § 580. The IAD requires that a prisoner who is transferred from one state to another, or from federal detention to a state, be tried on the charge in the receiving state within 120 days of the lodging of the detainer. *Reilly v. FCI Petersburg*, 947 F.2d 43, 44 (2d Cir. 1991) (*per curiam*), *cert. denied*, 502 U.S. 1115 (1992). Relying upon its previous precedent holding that a violation of the IAD is not a cognizable claim under 28 U.S.C. § 2255, the federal analog to 28 U.S.C. § 2554, and emphasizing that the Supreme Court has held that "§ 2255 was intended to mirror § 2254 in operative effect[,]" the Second Circuit squarely held that a violation of the IAD is *not* a

cognizable claim under 28 U.S.C. § 2254. *Id.* (quotation and citations omitted). *Accord, e.g., Davis v. Bardt*, No. 9:07-CV-1248, 2008 WL 123901, at *1 (N.D.N.Y. Jan. 10, 2008) (citing *Pizetzky v.. Attorney General*, 329 F. Supp.2d 371 (E.D.N.Y.2004); *Keeling v. Varner*, 2003 WL 21919433 (E.D.N.Y.2003)).

Even if there is an issue regarding the correctness of the underlying warrant and detainer, a habeas proceeding under 28 U.S.C. § 2254 does not provide a viable avenue for relief. *See Davis*, 2008 WL 123901, at *1 ("Thus, even if there is a dispute with respect to the validity of the underlying warrant and detainer, it would appear that petitioner's avenues of redress may lie with administrative review through the New York State Department of Correctional Services, or, through an action in the State of Maryland. However, a habeas proceeding pursuant to 28 U.S.C. § 2254 is not a vehicle to seek redress for such alleged violations.")

*Bozeman*, the case cited by the Supreme Court, is not to the contrary and, moreover, is not apposite here. The Second Circuit's decision in *Reilly* remains good law and is binding precedent upon this Court. Accordingly, pursuant to *Reilly*, Huffman's claim alleging a violation of the IAD is dismissed as not cognizable on habeas review.

**B.     Ground Two: Ineffective assistance of trial counsel**

As respondent points out, petitioner's allegations in support of his claim of ineffective assistance of trial counsel are less than clear. He seems to be arguing that counsel was ineffective for failing to assert control over the trial court's calendar. The delay in scheduling, he claims, resulted in a coerced guilty plea. Huffman claims that the trial court used the delay to improperly keep him housed in a county jail for the purpose of coercing him in to pleading guilty. Huffman claims that trial counsel was ineffective in purportedly failing to the stop the judge from housing

him in the county correctional facility.

It appears that Huffman has attempted to contort his allegations in order to escape preclusion of habeas his claim under *Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973), in which the Supreme Court explained that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards set forth in *McMann*[*v. Richardson*, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)].

*Tollett*, 411 U.S. at 267; *accord, e.g.*, *United States v. Coffin*, 76 F.3d 494, 497 (2d Cir.1996).

As respondent points out, Huffman has omitted any explanation as to how failing to move up his court date to an earlier time resulted in his being coerced into pleading guilty. The claim is, as respondent argues, implausible on its face.

Furthermore, petitioner's claim is belied by the record of the plea proceeding. When asked by the trial court if he had had an adequate opportunity to confer with his attorney regarding his guilty plea, Huffman answered in the affirmative. P.15 (numbers preceded by "P." refer to pages of the plea transcript.). When asked if he was satisfied with counsel's services he replied "more than satisfied." *Id.* After the trial court properly advised him of the rights he would be surrendering upon entering his guilty plea, the court asked if petitioner had been threatened or coerced in any way. P.19. Huffman's answer was unequivocally negative. *Id.* Petitioner was then asked if his guilty plea was the product of his own free will, and he acknowledged that it was. *Id.*

Finally, it bears noting that counsel filed pre-trial appropriate motions on petitioner's behalf, seeking to dismiss the indictment on speedy trial grounds as well as an alleged violation of improper shuttling under the IAD.

Huffman has entirely failed to establish that counsel's allegedly deficient performance affected the plea process, and that "but for counsel's errors he would not have pleaded guilty and would have gone to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). Accordingly, this claim must be dismissed.

C. **Ground Three: "Prosecutorial Misconduct"**

Petitioner's sole allegation in support of this claim is as follows: "Alteration of the federal writs is prosecutorial misconduct and had this not been done I would have proved my innocence." Petition, ¶12(c). Federal courts in this Circuit have held that "[s]ummary dismissal of a habeas petition is justified where the allegations are 'vague, conclusory, or palpably incredible.'" *Shire v. Costello*, Civ. No. 9:07-CV-285 (TJM), 2008 WL 2323379, at *9 (N.D.N.Y. June 2, 2008) (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962) and citing *Sosa v. Mohawk Corr. Fac.*, No. 07 Civ. 5916, 2008 WL 534764, at *3 (S.D.N.Y. Feb. 25, 2008) (claims that are "vague or conclusory may be summarily rejected on that basis alone"); *Jones v. Poole*, No. 06 Civ. 7172, 2007 WL 2456646, at *11 (S.D.N.Y. Aug. 21, 2007) (citing *Skeete v. People of New York State*, No. 03-CV-2903, 2003 WL 22709079, at *2 (E.D.N.Y. Nov. 17, 2003) ("Skeete's second claim is no more than a vague allegation that 'numerous' violations and errors occurred at his trial. Skeete fails to offer even the most cursory description of these alleged errors. He offers no facts, nor any reference to the record. Such vague, conclusory and unsupported claims do not advance a viable claim for habeas corpus relief.") (emphasis in

original); *Hall v. Phillips*, No. 04-CV-1514, 2007 WL 2156656, at *14 (E.D.N.Y. Jul. 25, 2007) (lack of factual allegations to support habeas claim is "fatal")). Huffman has failed to identify which "federal writs" were "altered", or by whom; how this affected his ability to prepare a defense or his decision whether or not to plead guilty. This claim of "prosecutorial misconduct" is nonsensical and frivolous and must be dismissed.

      D.      **Ground Four: Erroneous denial of C.P.L. § 440.10 motion without a hearing.**

Huffman contends that the trial court improperly denied his motion pursuant to C.P.L. § 440.10 without a hearing. As respondent notes, it is well settled that alleged procedural defects in post-conviction proceedings are not cognizable in federal habeas corpus proceedings. *E.g., Jones v. Duncan*, 162 F. Supp.2d 204 (S.D.N.Y. 2001); *Franza v Stinson*, 58 F. Supp.2d 124, 151 (S.D.N.Y. 1999). "State prisoners, however, have no federal constitutional right to post-conviction proceedings in state court. *Pennsylvania v. Finley*, 481 U.S. 551, 557, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987). Thus, petitioner's claim, an alleged procedural error by the trial court in deciding his Section 440 motion, is not cognizable on habeas review." *Parker v. Ercole*, 582 F. Supp.2d 273, 299 (N.D.N.Y. 2008) (citing *Ferrer v. Superintendent*, No. 9:05-CV-1010, 2008 WL 2967633, at *11 (N.D.N.Y. Jul. 25, 2008) (" '[F]ederal habeas relief is not available to redress alleged procedural errors in state post-conviction proceedings.'") (quoting *Falas v. Phillips*, No. 03 Civ. 4839, 2004 WL 1730289, at *13 (S.D.N.Y. Aug. 3, 2004), adopted in 2005 WL 756886 (S.D.N.Y. Apr. 1, 2005)); *Parker v. New York*, No. 05 Civ. 3347, 2006 WL 864272, at *5 (S.D.N.Y. Apr. 5, 2006) ("[P]rocedural errors in state post-conviction proceedings are not cognizable on federal habeas review.") (quoting *Guzman v. Couture*, No. 99 Civ. 11316, 2003 WL 165746, at* 13-14 (S.D.N.Y. Jan. 22, 2003) (claim that post-conviction court failed to

consider written objections submitted to another judge in violation of petitioner's rights to effective assistance of counsel, due process and equal protection was not cognizable on federal habeas review); Jones v. Duncan, 162 F. Supp.2d at 217 ("[H]abeas relief is not available to redress alleged procedural errors in state post-conviction proceedings", and denying habeas relief on claim that trial court failed to hold an evidentiary hearing on post-conviction motions) (quoting *Franza v. Stinson*, 58 F. Supp.2d at 151). This claim accordingly is dismissed as not cognizable on habeas review.

## IV. Conclusion

For the foregoing reasons, Huffman's request for a writ of habeas corpus is denied and the petition is dismissed. As petitioner has not made "a substantial showing of the denial of constitutional right," 28 U.S.C. § 2253(c)(2), a certificate of appealability shall not issue. The Court further certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of any appeal.

**IT IS SO ORDERED.**

/s/ Victor E. Bianchini
_____
VICTOR E. BIANCHINI
United States Magistrate Judge

Dated: September 20, 2010
Buffalo, New York